17-0671-cv
*2002 Lawrence R. Buchalter Trust et. al. v. Phila. Fin. Life Assurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

2002 LAWRENCE R. BUCHALTER ALASKA
TRUST, ALASKA TRUST COMPANY,
STEPHEN C. HARRIS,
TRUSTEES, LAWRENCE R. BUCHALTER,
> *Plaintiffs-Appellants,*

v.                                                                      17-0671-cv

PHILADELPHIA FINANCIAL LIFE
ASSURANCE COMPANY, AKA AGL
LIFE ASSURANCE COMPANY,
> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      JONATHAN T. SHEPARD (Eric D. Dowell, *on the brief*), Pryor Cashman LLP, New York, New York.

FOR DEFENDANT-APPELLEE:      THOMAS F.A. HETHERINGTON (Hutson B. Smelley, *on the brief*), Edison, McDowell & Hetherington, LLP, Houston, Texas.


Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants 2002 Lawrence R. Buchalter Alaska Trust (the "Trust"), Alaska Trust Company ("ATC") and Stephen C. Harris, Trustees, and Lawrence R. Buchalter appeal from the district court's judgment entered February 6, 2017, in favor of defendant-appellee Philadelphia Financial Life Assurance Company ("PFLAC"), formerly known as AGL Life Assurance Company.  The district court granted PFLAC's motion for summary judgment by opinion and order filed the same date.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Construed in the light most favorable to the Trust, the facts are summarized as follows: The Trust is an irrevocable, Alaska-based trust created by

2

Buchalter on November 1, 2002. ATC was the sole trustee until 2012, when Stephen C. Harris was added as a trustee.

In 2002, Buchalter approached PFLAC about buying life insurance through the Trust. The chosen policy allowed the allocation of premium payments to a variable account that let the policyholder invest in various funds offered by PFLAC.

In 2005, the Strategic Stable Return ("SSR") Fund (ID), L.P. (the "ID Fund") was added to PFLAC's list of available funds. The platform noted that policyholders should be careful before investing in the ID Fund as it involved a high degree of risk. After adding the ID Fund to its personal schedule of investment accounts, the Trust invested over $3.1 million in it.

By 2007, Buchalter was concerned about the Trust's investment in the ID Fund. As his concern grew, Buchalter decided to redeem his investment from the ID Fund in the summer of 2008. The ID Fund, however, suspended all investor redemptions in October 2008, and refused the Trust's request to redeem approximately $3.9 million. Over the next several years, the value of the Trust's investment in the ID Fund dwindled; by November 30, 2012 approximately $350,000 of the Trust's $3 million investment remained. No capital has been returned from the ID Fund to the Trust.

Plaintiffs filed their complaint on September 7, 2012 alleging various theories of recovery in negligence, breach of contract, and unjust enrichment. Following an initial motion to dismiss, the only claims that remained were for negligence, negligent misrepresentation, and professional malpractice related to defendant's failure to vet the ID Fund before making it available on its investment platform. On February 6, 2017, the district court granted summary judgment for PFLAC on those remaining claims, finding them time-barred. Plaintiffs appeal.

We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003). "Summary judgment is appropriate only if it can be established that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)) (citation omitted).

On appeal, plaintiffs argue that the district court improperly found their claims time-barred and erred in finding that their claims accrued in May 2009. We conclude that plaintiffs' appeal is without merit substantially for the reasons set forth by the district court in its thorough and well-reasoned order.

4

The parties agree that Alaska law applies.[1]  The statute of limitations for negligence and negligent representation is two years.  Alaska Stat. § 09.10.070(a).  The statute of limitations for professional malpractice arising out of economic injury is three years.  Alaska Stat. § 09.10.053.  Therefore, as the complaint was filed on September 7, 2012, the claims are untimely if the statute of limitations began to run before September 7, 2010 for the negligence claims and before September 7, 2009 for the malpractice claims.

In Alaska, "a cause of action accrues when the plaintiff has 'information sufficient to alert a reasonable person to the fact that he [or she] has a potential cause of action.'" *Christianson v. Conrad-Houston Ins.,* 318 P.3d 390, 396-97 (Alaska 2014) (quoting *Preblich v. Zorea,* 996 P.2d 730, 734 (Alaska 2000)).  The court looks to the date when a reasonable person under like circumstances "should begin an inquiry to protect his or her rights." *Id.* (citation and internal quotation marks omitted).  As the date of accrual is a fact intensive inquiry, summary judgment is ordinarily inappropriate for statute of

_____

1    Federal courts sitting in diversity jurisdiction apply the procedural statute of limitations and choice-of-law rules of the forum state, in this case New York. *Stuart v. Am. Cyanamid Co.,* 158 F.3d 622, 627 (2d Cir. 1998).  New York's "borrowing statute," C.P.L.R. § 202, dictates that "[w]hen a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period . . . of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart,* 158 F.3d at 627.  Here, the shorter statute of limitations is the Alaska law.

limitations defenses. *John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002). Summary judgment may be granted, however, when the "court has before it uncontroverted facts regarding when the statute of limitations began running." *Egner v. Talbot's, Inc.*, 214 P.3d 272, 278 (Alaska 2009).

The district court held that the Trust's claims accrued before September 2009 because the record established, as a matter of law, that the Trust was on inquiry notice before then -- the Trust had sufficient information of its potential claims to warrant an inquiry. We agree. The uncontroverted facts include the following:

- In January 2006, PFLAC notified the Trust that the ID Fund had changed auditors. That month, the Trust was also notified of the potential conflict of interest between Founding Partners, a fund the ID Fund invested in, and the ID Fund.

- In 2007, Buchalter placed the ID Fund on his redemption watch list because he "wasn't getting the information [he] should have as an investor." App. 1428.

- By October 2008, plaintiffs knew that SSR had placed a hold on redemptions and that the ID Fund had been exposed to fraudulent financing transactions with broker Tom Petters.

6

- In December 2008, Buchalter inquired into the tax implications of the Trust's losses, indicating that Buchalter was prepared for the losses to solidify.

- By March 2009 the Trust's investment was down to $2.667 million, approximately $1.3 million less than the investment's worth when the Trust submitted its redemption request the previous year.

- In May 2009, PLFAC notified the Trust that the SEC had filed a civil complaint against and frozen the assets of William Gunlicks, the owner of several funds, including one which was the primary investment of the ID Fund.

These facts, taken together, show as a matter of law, that the Trust was on inquiry notice before September 2009.

On appeal, plaintiffs contend that any losses were only "paper" losses, insufficient to trigger accrual of a cause of action. The argument fails. Plaintiffs fail to cite to any authority for the proposition that "paper" losses or decreases in an investment's value are not actionable under Alaska law. If plaintiffs' argument were correct, no party would be able to bring suit until their investment had zeroed out or their securities were sold. *See Sopko v. Dowell Schlumberger, Inc.*, 21 P.3d 1265, 1272

7

(Alaska 2001) ("[I]t is irrelevant that the full extent of his injuries did not become apparent until later.").

Plaintiffs also suggest that given the general financial turmoil of 2008, the ID Fund's actions did not seem out of the ordinary. Though plaintiffs may not have known of their claims with certainty in May 2009, they surely should have at least been aware of a potential cause of action and started an inquiry. *See Jones v. Westbrook*, 379 P.3d 963, 967 (Alaska 2016) (noting that the statute of limitations is tolled until "'the plaintiff has information sufficient to alert a reasonable person to the fact that he has a potential cause of action' or should begin to inquire about that possibility" (quoting *Preblich*, 996 P.2d at 734)). Moreover, no new information was revealed to plaintiffs, aside from the continual diminution of funds, between May 2009 and the beginning of Buchalter's investigation and subsequent lawsuit, by which point he had admittedly become aware of plaintiffs' potential claims.

We therefore agree with the district court that the statute of limitations began to run, as a matter of law, in May 2009 and that, accordingly, plaintiffs' claims are time-barred.

. . .

We have considered plaintiffs' remaining arguments and find them to be

without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk